**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON, et al., | Civil Action No. 19-17231 |
| *Plaintiffs*, | **OPINION & ORDER** |
| v. | |
| THE NORTH RIVER INSURANCE COMPANY, et al., | |
| *Defendants*. | |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Plaintiffs Certain Underwriters at Lloyd's London's ("Lloyd's" or "Plaintiffs") motion to strike several paragraphs from Defendant the North River Insurance Company's ("North River") Counterclaims and Crossclaims (the "Counterclaims"). D.E. 103.  North River filed a brief in opposition to the motion, D.E. 113, to which Lloyd's replied, D.E. 116.[1]  For the reasons set forth below, Lloyd's motion is **DENIED.**

I. BACKGROUND & PROCEDURAL HISTORY

This matter involves a dispute as to the allocation of settlement proceeds under numerous reinsurance contracts.  Specifically, Plaintiffs allege that Defendants breached numerous reinsurance contracts due to the manner in which they allocated settlement payments.  Plaintiffs originally filed their Complaint in New Jersey state court, and it was removed to this Court on

---

[1] For purposes of this Opinion, Lloyd's brief in support of their motion to dismiss (D.E. 103-1) will be referred to as "Plfs. Br."; North River's brief in opposition (D.E. 113) will be referred to as "Def. Opp." and Lloyd's reply (D.E. 116) will be referred to as "Plfs. Reply."

August 27, 2019. D.E. 1. North River subsequently filed its answer, and asserted counterclaims against Lloyd's and third-party claims against, among others, Equitas Insurance Limited ("EIL"). In its Counterclaims, North River alleged that EIL was Lloyd's successor for the reinsurance contracts at issue and sought a declaratory judgment to that effect. With the declaratory judgment, North River intended to protect itself in the event that it obtained a judgment against Lloyd's but was unable to collect on the judgment. D.E. 14.

Lloyd's subsequently filed a motion to dismiss the claims against EIL. D.E. 27. On June 8, 2020, this Court held a telephone conference with the parties to determine if they could resolve the issues raised in the motion to dismiss without motion practice. D.E. 75. As a result, the parties negotiated and agreed to a stipulation on July 29, 2020. Through the Stipulation and Consent Order (the "Consent Order"), North River agreed, among other things, to dismiss its claims against EIL without prejudice. D.E. 88 at 6-7. The parties also agreed that in the event of a final judgment against Lloyd's, North River could, if necessary, renew its claims against EIL in this Court or another court of its choosing, and that EIL would be bound by the final judgment in this matter. *Id.* at 7-8.

On August 24, 2020, Lloyd's filed its Third Amended Complaint, as contemplated by the Consent Order, D.E. 94, and North River filed its Amended Answer, Counterclaims, and Crossclaims on September 8, 2020, D.E. 98. As set forth in the Stipulation, North River did not assert claims against EIL in its Counterclaims. In the facts section of the Counterclaims, however, North River provides a background on Lloyd's, specifically, who Lloyd's is and Lloyd's plan to insulate themselves from liability due to losses incurred under certain policies that were underwritten by Lloyd's in the 1980's and 1990's. Counterclaims ¶¶ 44-65. In this background section, North River describes several entities that Lloyd's formed and used to reinsure specific

non-life insurance policies under this plan. EIL is one such entity. *Id.* ¶ 53. As such, North River describes the "scheme" in which EIL agreed to assume Lloyd's liabilities under certain reinsurance contracts, including the contracts at issue here. *Id.* ¶¶ 53-61. North River also discusses the Consent Order. *Id.* ¶¶ 63-65. Through the instant motion, Lloyd's seeks to strike these paragraphs of the Counterclaims because they are immaterial and impertinent.[2] D.E. 103.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f). The purpose of Rule 12(f) is to "eliminat[e] the need for discovery, which in turn saves time and litigation expenses." *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 740 (Bankr. N.J. 2013) (internal quotations omitted). But "motions to strike are highly disfavored." *Eisai Co., Ltd. v. Teva Pharms. USA, Inc.*, 629 F. Supp. 2d 416, 424 (D.N.J. 2009). To succeed on a motion to strike, the moving party must show that the allegations in the complaint "have *no possible relation* to the controversy and may cause prejudice to one of the parties, or [that] the allegations confuse the issues." *Garlanger v. Verbeke*, 223 F.Supp.2d 596, 609 (D.N.J. 2002) (internal quotations omitted) (emphasis added). If the allegations at issue "could possibly serve to achieve a better understanding of [a party's] claims or perform any useful purpose in promoting the just disposition of the litigation, courts generally deny such motions to strike." *Eisai Co., Ltd. v. Teva Pharms. USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009) (quoting *Del. Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1292 (D. Del. 1995)).

---

[2] On June 2, 2021, Judge Falk granted Plaintiffs' motion for leave to file an amended complaint and to dismiss Defendant Banco de Seguros del Estado from this matter. D.E. 123. Accordingly, on June 8, 2021, Plaintiffs filed their Fourth Amended Complaint. D.E. 124. In the June 2 Order, Judge Falk explained that Plaintiffs' motion to strike will be deemed filed against the same or any substantially similar paragraphs in North River's Amended Counterclaims. D.E. 123 at 2.

### III. ANALYSIS

Lloyd's argues that North River's inclusion of Paragraphs 44 through 65 of the Counterclaims, which discuss EIL, is an end-run around the Consent Order and that these paragraphs must be stricken from the Counterclaims. Lloyd's asserts that the paragraphs at issue are completely unrelated to the merits of this litigation and should be stricken as immaterial and impertinent. Plfs. Br. at 8. Lloyd's continues that if the motion to strike is denied, the issues that were supposed to be avoided through the Consent Order will reappear during discovery, summary judgment, and trial. *Id.* at 9.

As discussed, this matter involves the parties' rights and obligations under multiple reinsurance contracts. Therefore, the identities of the parties involved and the history among the parties and third parties is relevant and may provide a useful background to a jury. Information that may allow a jury to better understand the dispute will generally not be stricken. *See Eisai Co., Ltd.*, 629 F. Supp. 2d at 425. Moreover, despite Lloyd's argument that the paragraphs at issue are immaterial, Lloyd's concedes that in these paragraphs, North River "dropped a few true background facts." Plfs. Reply at 3-4. Accordingly, the Court cannot conclude that paragraphs 44 through 65 are completely irrelevant.

In addition, Lloyd's will not be prejudiced if paragraphs 44 through 65 remain in the Counterclaims. Lloyd's fears that the parties will waste resources because North River will seek discovery regarding EIL, and in summary judgment or trial will attempt to litigate whether EIL is the real party in interest. Plfs. Br. at 9. Lloyd's fears about issues raised during summary judgment and trial are unfounded in light of the Consent Order. If, however, Lloyd's fears of prejudice come to light at trial, Lloyd's could for example, file a motion in limine seeking to bar North River from litigating EIL's status.

With respect to any issues that may arise during discovery, Lloyd's may also seek relief such as a protective order. *See Church & Dwight Co., Inc. v. SPD Swiss Precision Diagnostics, GmBH*, No. 10-453, 2010 WL 5239238, at *13 (D.N.J. Dec. 16, 2010) ("During discovery, it Defendant has a legitimate argument that discovery sought by C & D is prejudicial or confidential, it will have mechanisms to curb potential prejudice, such as a protective order."). Accordingly, Lloyd's fear of prejudice appear unfounded or, at a minimum, can be adequately addressed through other measures.

In sum, Lloyd's fails to articulate a legitimate basis to strike paragraphs 44 through 65 of North River's Counterclaims. Therefore, for the reasons stated above, and for good cause shown,

IT IS on this 23rd day of June, 2021

**ORDERED** that Plaintiffs' motion to strike, D.E. 103, is **DENIED**.

_____
John Michael Vazquez, U.S.D.J.